IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03121-NYW

CANDICE BORGONAH,

    Plaintiff,

v.

ROCKY MOUNTAIN HEALTH CENTER PEDIATRICS P.C.,

    Defendant.

## ORDER ON MOTION TO DISMISS

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Rocky Mountain Health Center Pediatrics P.C.'s ("Defendant" or "RMHCP") Motion to Dismiss (or "Motion"), filed January 3, 2019. *See* [#6]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated February 1, 2019 [#10]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and the docket, the court **GRANTS IN PART and DENIES IN PART** the Motion to Dismiss for the reasons stated herein.

## BACKGROUND

The court draws the following facts from the Complaint [#1] and presumes they are true for purposes of the instant Motion.

Plaintiff Candice Borgonah ("Plaintiff" or "Ms. Borgonah"), "who is an Asian and whose nationality is Indian," alleges that she began working for Defendant as a Practice Administrator on November 17, 2014. *See* [#1 at 3, 11]. Nearly two years later, RMHCP terminated Plaintiff's employment. *See* [*id.* at 3, 11]. According to Ms. Borgonah, Defendant directed Plaintiff to take

certain actions concerning another employee's maternity leave, but then terminated Plaintiff when Plaintiff questioned those actions and the other employee initiated a separate lawsuit against Defendant. *See* [*id.* at 3, 11]. Ms. Borgonah contends that RMHCP treated her differently than her non-Asian, non-Indian peers and subordinates, including by "intimidate[ing], threaten[ing], humiliat[ing], [and] harass[ing]" her and placing her on a performance improvement plan. *See* [*id.* at 3, 11].

Believing RMHCP's conduct constituted a violation of her civil rights, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on February 10, 2017. *See* [#1 at 3, 11]. On September 6, 2018, the EEOC issued Plaintiff a Notice of Right to Sue letter. *See* [*id.* at 7-8]. Plaintiff initiated this action by filing her *pro se* Complaint on December 4, 2018. *See* [#1]. Based on the court's interpretation of the Complaint, Plaintiff asserts federal law claims against RMHCP under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, for race and national origin discrimination ("Claim 1") and retaliation ("Claim 2"), as well as purported state law claims for wrongful discharge in violation of public policy ("wrongful discharge" or "Claim 3"),[1] and tortious interference with employment opportunities ("tortious interference" or "Claim 4"). *See* [#1 at 3].

RMHCP moved to dismiss Plaintiff's Complaint on January 3, 2019, arguing that Ms. Borgonah fails to plead plausible Title VII claims for discrimination and retaliation and did not exhaust her administrative remedies related to any tortious interference claim. *See* [#6; #11]. Ms. Borgonah filed her Response to the Motion to Dismiss, *see* [#8], and Defendant has since filed its

---

[1] Though not subject to the Motion to Dismiss, the court notes that Title VII precludes wrongful discharge claims predicated on the same facts as a Title VII claim. *See Ybarra v. Comprehensive Software Sys., LLC*, No. 18-CV-01679-NYW, 2019 WL 266310, at *8 (D. Colo. Jan. 18, 2019).

Reply, *see* [#11]. Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See generally Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack, the court takes the allegations in the Complaint as true, but when reviewing a factual attack the court may not presume the truthfulness of the Complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### II. Rule 12(b)(6)

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations

in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulistic formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The court may also consider materials beyond the complaint if the documents are central to the plaintiff's claims, referred to in the complaint, and if the parties do not dispute their authenticity. *See Cty. of Santa Fe, N.M. v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). The court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**III.** *Pro Se* **Litigants**

In applying the applicable legal standards, the court is mindful that Ms. Borgonah proceeds *pro se*. The court therefore construes her pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not act as her advocate, and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).

4

## ANALYSIS

**I.     Title VII**

Title VII prohibits discrimination against any individual "with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Harris v. Forklift Sys, Inc.*, 510 U.S. 17, 21 (1993) (citing 42 U.S.C. § 2000e-2(a)(1)). Title VII also makes it unlawful to retaliate against an employee for opposing practices made unlawful by the statute. *See Hansen v. SkyWest Airlines*, 844 F.3d 914, 924-25 (10th Cir. 2016) (citing 42 U.S.C. § 2000e3(a)). RMHCP argues that Ms. Borgonah fails to plead plausible claims for discrimination and retaliation under Title VII. I respectfully agree with Defendant.

**A.     Claim 1 – Discrimination**

To state a prima facie race and national origin discrimination claim, Ms. Borgonah must allege (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for her positions with RMHCP, and (4) she was treated less favorably than others not in the protected class. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). While conceding that Plaintiff is a member of a protected class and that she suffered an adverse employment action, RMHCP argues that Ms. Borgonah fails to plead facts that support an assertion that RMHCP treated her differently than its non-protected employees. *See* [#6 at 6-9; #11 at 6-7]. Instead, Defendant contends, Ms. Borgonah offers vague assertions that RMHCP treated her differently than non-protected employees without any specific factual assertions of discriminatory conduct. *See* [#6 at 7-8; #11 at 6-7]. I respectfully agree.

Ms. Borgonah's Complaint contains only conclusory assertions that RMHCP treated her differently than non-protected employees. *See* [#1 at 3, 11]. In her Response, Plaintiff attempts

to bolster her Complaint with specific instances of discriminatory conduct, most of which Plaintiff attributes to employees of Symmetry Consulting—"RMHCP's Human Resource Department," *see* [#1 at 3]. *Cf. Ward v. Jewell*, 772 F.3d 1199, 1205 (10th Cir. 2014) (explaining that an employer may be liable for a subordinate's discriminatory conduct under a "Cat's Paw" theory of liability); *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1136 (10th Cir. 2006) ("An employer is vicariously (or indirectly) liable for compensatory damages when a supervisor with immediate (or successively higher) authority over the employee perpetrates the Title VII violation." (internal quotation marks omitted)). But the court agrees with RMHCP that Plaintiff cannot effectively amend her Complaint in her Response to the Motion to Dismiss. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("The plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss."). Accordingly, I conclude that Plaintiff fails to plead a plausible discrimination claim.

    **B.**    **Claim 2 – Retaliation**

To state a prima facie retaliation claim, Ms. Borgonah must allege that "(1) [she] engaged in protected opposition to discrimination; (2) [she] was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). In other words, Ms. Borgonah "must establish that retaliation played a part in the [adverse] employment decision." *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008). Defendant contends that Plaintiff's Complaint fails to allege that she engaged in protected opposition to discrimination such that Defendant had notice of Plaintiff's conduct and retaliated against her for it. *See* [#6 at 9-10; #11 at 7-8]. Again, I respectfully agree with Defendant.

"Opposition is protected under [42 U.S.C.] § 2000e-3(a) only if it is opposition to a practice made an unlawful employment practice by Title VII." *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009) (internal quotation marks omitted). Plaintiff's Complaint asserts a retaliation claim in addition to a discrimination claim. *See generally* [#1]. The Complaint, and Plaintiff's Response to the Motion to Dismiss, assert retaliation stemming from Plaintiff's purported actions concerning RMHCP's handling of another employee's maternity leave. *See* [*id.* at 3, 11; #8 at 6-7]. But absent from the Complaint is any allegation that Plaintiff complained to Defendant about race and national origin discrimination prior to her termination. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202-03 (10th Cir. 2008) (holding that emails sent to the defendant regarding retaliation for giving negative evaluations and criticizing internal policies were not protected opposition because the plaintiff did not mention age or age discrimination); *cf. Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004) ("Protected opposition can range from filing formal charges to voicing informal complaints to superiors."). Indeed, "the absence of such a reference can preclude a retaliation claim because an employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of Title VII." *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002). Additionally, Plaintiff filed her charge of discrimination with the EEOC <u>after</u> Defendant terminated her. *See McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1101 (10th Cir. 2011) ("Neither the filing of her EEOC charge nor her filing of this suit can serve as protected activity for purposes of her retaliation claim, however, because neither of those activities occurred before she filed the EEOC charge mentioned in her complaint" (emphasis in original)). Thus, I conclude that Plaintiff fails to plead a plausible retaliation claim.

### C. Leave to Amend

RMHCP argues that Plaintiff cannot plead any facts to support her Title VII claims, rendering amendment futile, and thus the court should dismiss these claims with prejudice. *See* [#6 at 12; #11 at 5]. Aside from "plac[ing] the court before the horse," *see Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. CIVA07CV01145DMEKMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008), courts should generally provide plaintiffs, especially those proceeding *pro se*, an opportunity to amend their pleadings to cure identified deficiencies. *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Indeed, because the court can conceive of possible amendments that would cure the deficiencies identified above, dismissal <u>without prejudice</u> is appropriate. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (explaining that dismissal without an opportunity to amend is appropriate <u>only</u> where it is patently obvious that the plaintiff could not prevail on the facts alleged).

Based on the foregoing, the court **GRANTS** the Motion to Dismiss and **DISMISSES without prejudice** Claims 1 and 2. Within twenty-one (21) days of this Order, Plaintiff shall file an Amended Complaint on the court-approved complaint form, available at http://www.cod.uscourts.gov/Portals/0/Documents/Forms/CivilForms/General_Complaint.pdf. As discussed during the Status Conference, the court strongly encourages Ms. Borgonah to avail herself of the free services provided by the Federal Pro Se Clinic located on the first floor of the Alfred A. Arraj United States Courthouse. Ms. Borgonah may make an appointment by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic, and walk-in appointments are available on a space-available basis.

## II. Tortious Interference – Claim 4

RMHCP moves to dismiss Plaintiff's tortious interference claim because Ms. Borgonah failed to exhaust her administrative remedies pursuant to the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-306(14). *See* [#6 at 11; #11 at 8-9]. RMHCP argues that because Plaintiff presumably predicates Claim 4 on the same conduct as her Title VII claims, she was required to assert this claim in her EEOC charge of discrimination. Defendant maintains that her failure to do so acts as a jurisdictional bar to asserting this claim. I respectfully disagree.

First, Defendant argues that Ms. Borgonah's failure to exhaust her tortious interference claim deprives the court from exercising subject matter jurisdiction over this claim. *See* [#6; #11]. But the authorities cited for this proposition do not conclusively establish this proposition. *See Brooke v. Restaurant Servs., Inc.*, 881 P.2d 409, 411-12 (Colo. App. 1994), *rev'd* 906 P.2d 66 (Colo. 1995); *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (considering only Title VII claims); *Foster v. Ruhrpumpem, Inc.*, 365 F.3d 1191, 1194-95 (10th Cir. 2004) (considering only Age Discrimination in Employment Act claims). Indeed, the United States Court of Appeals for the Tenth Circuit recently held "that a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Thus, any failure to exhaust this claim would not deprive the court of subject matter jurisdiction. But as discussed below, there is no requirement that Ms. Borgonah exhaust her state law tortious interference claim.

Second, Defendant cites the Colorado Court of Appeals decision *Brooke v. Restaurant Servs.*, 881 P.2d 409, 411 (Colo. App. 1994), *rev'd* 906 P.2d 66 (Colo. 1995), for the proposition

9

that Ms. Borgonah must exhaust her administrative remedies even when asserting a tortious interference claim. But the Colorado Supreme Court rejected the Colorado Court of Appeal's decision, holding instead that CADA requires exhaustion of administrative remedies <u>only</u> "for claims filed pursuant to [CADA]." *Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66, 70 (Colo. 1995). The Colorado Supreme Court squarely "reverse[d] the court of appeals' judgment affirming dismissal of Brooke's tortious interference with contract claim on [the] basis of exhaustion." *Id.* at 72.[2] And Defendant fails to cite to any authority abrogating *Brooke*'s holding. Thus, even if Ms. Borgonah's tortious interference claim flows from the same facts as her Title VII claims, there is no requirement under Colorado law or federal law that she must administratively exhaust this claim too. The court therefore **DENIES** the Motion to Dismiss as to Plaintiff's tortious interference claim.

## CONCLUSION

For the reasons stated herein, the court **ORDERS** that:

(1) Defendant's Motion to Dismiss [#6] is **GRANTED IN PART and DENIED IN PART**;

(2) Plaintiff's Title VII claims, Claims 1 and 2, are **DISMISSED without prejudice**;

(3) Plaintiff is **AFFORDED LEAVE** to file an Amended Complaint addressing only the deficiencies with Claims 1 and 2 on the court-approved complaint form, http://www.cod.uscourts.gov/Portals/0/Documents/Forms/CivilForms/General_Complaint.pdf., **within twenty-one (21) days of this Order**;

---

[2] The court reminds counsel of his obligations under Colo. R.P.C. 3.3 that "(a) A lawyer shall not knowingly: . . . (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

(4) Plaintiff's tortious interference claim, Claim 4, **REMAINS**; and

(5) A copy of this Order shall be sent to:

> Candice Borgonah
> 5356 South Fultondale Way
> Aurora, CO 80016

DATED: February 21, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge