# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03121-NYW

CANDICE BORGONAH,

    Plaintiff,

v.

ROCKY MOUNTAIN HEALTH CENTER PEDIATRICS P.C.,

    Defendant.

## ORDER DENYING MOTION TO AMEND

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Candice Borgonah's "Motion for Leave to Amended [sic] First Amended Complaint" (the "Motion to Amend" or "Motion"), filed July 22, 2019. [#26]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated February 1, 2019 [#10]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and the docket, the court **DENIES** the Motion to Amend for the reasons stated herein.

## BACKGROUND

    The court has discussed the background of this matter in its prior Orders, *see* [#13; #24], and therefore limits its discussion here to only the most salient facts. Ms. Borgonah ("Plaintiff" or "Ms. Borgonah"), who is Asian and whose nationality is Indian, worked for Defendant Rocky Mountain Health Center Pediatrics P.C.'s ("Defendant" or "RMHCP") as a Practice Administrator from about November 17, 2014 to November 3, 2016. *See* [#14 at 7, 12]. According to Ms. Borgonah, she was the only employee of Indian national origin at RMHCP and RMHCP's owner

Dr. Kimberly Mourani and its agents Karolynn St. Pierre and Carli Seeba treated Plaintiff differently than similarly-situated non-Asian, non-Indian employees. *See* [#14 at 7-8, 12-13].

Believing RMHCP's conduct constituted a violation of her civil rights, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on February 10, 2017. *See* [#1 at 3, 11]. On September 6, 2018, the EEOC issued Plaintiff a Notice of Right to Sue letter. *See* [*id.* at 7-8]. Plaintiff initiated this action by filing her pro se[1] Complaint on December 4, 2018. *See* [#1]. RMHCP moved to dismiss Plaintiff's original Complaint on January 3, 2019, arguing that Ms. Borgonah failed to plead plausible Title VII claims for disparate treatment and retaliation and did not exhaust her administrative remedies related to any tortious interference claim. *See* [#6; #11]. The court granted in part the initial Motion to Dismiss as to Plaintiff's Title VII claims, but afforded Plaintiff leave to amend these claims, and denied in part the initial Motion to Dismiss as to Plaintiff's tortious interference claim. *See* [#13].

Plaintiff then filed her Amended Complaint on March 14, 2019. *See* [#14]. Plaintiff's Amended Complaint asserted Title VII claims for disparate treatment based on race and national origin ("Claim 1") and hostile work environment ("Claim 2") as well as state law claims for wrongful discharge ("Claim 3") and tortious interference ("Claim 4"). [#14]. Defendant moved to dismiss the Amended Complaint in its entirety, arguing that Plaintiff failed to plead adequate facts to state plausible claims for relief. *See* [#15]. On June 10, 2019, the court granted in part and denied in part the Motion to Dismiss the Amended Complaint, holding that Claims 1 and 3 pleaded plausible claims for relief while Claims 2 and 4 did not. *See* [#24]. In so ruling, the court

---

[1] The court construes Ms. Borgonah's filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but does not act as her advocate, and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).

provided Plaintiff until July 24, 2019 to file a formal Motion to Amend addressed <u>only</u> at the deficiencies identified with Claims 2 and 4, and informed Ms. Borgonah that any such motion would need to satisfy the standards of Rules 16(b)(4) and 15(a)(2) of the Federal Rules of Civil Procedure. *See* [*id.* at 11 & n.6].

Ms. Borgonah filed the instant Motion to Amend on July 22, 2019. [#26]. She requests leave to amend her Amended Complaint to add allegations bolstering her hostile work environment claim and to assert a new claim for violations of the Colorado Wage Act, Colo. Rev. Stat. §§ 8-4-101 *et seq.* [*Id.*]. Defendant has since responded in opposition to the Motion. *See* [#27]. And although Ms. Borgonah has not filed her Reply, the time to do so has since expired, and I conclude that the Motion is ripe for disposition presently. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Accordingly, I consider the Parties' arguments below.

## LEGAL STANDARD

As courts in this District have repeatedly observed, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *E.g.*, *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, LLC, 300 F.R.D. 678, 681 (D. Colo. 2014). Indeed, a Scheduling Order is an important tool used for the orderly preparation of a case for trial and to avoid surprise to the parties and to the court. *Id.* Accordingly, Rule 16(b)(4) of the Federal Rules of Civil Procedure expressly provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court repeated the same admonition in the Scheduling Order entered in this matter. [#21 at 8].

The purpose of the deadline to amend pleadings and join parties, as set out in a Scheduling Order, is to force the parties to prioritize their discovery to obtain the information necessary to

3

know if amendment is required sooner rather than later. This also ensures that discovery proceeds in an orderly fashion. *See Valles v. Gen-X Echo B, Inc.*, Civil Action No. 13-cv-00201-RM-KLM, 2013 WL 5832782, *3 (D. Colo. Sept. 27, 2013). Accordingly, when a party seeks to amend pleadings after the deadline set in the Scheduling Order, the court's consideration is subject to a two-prong analysis. First, the party must establish good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.D. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Only if the party establishes good cause does the court turn to whether amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* at 1242; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

## ANALYSIS

**I.      Rule 16(b)(4)**

The determination of good cause under Rule 16 lies within the sound discretion of the court. Fed. R. Civ. P. 16(b)(4). The inquiry under the Rule focuses on the diligence of the party seeking leave to amend. A party establishes good cause when she demonstrates that she could not have met the deadline as set in the Scheduling Order despite her best efforts. *Pumpco*, 204 F.R.D. at 668. A party's delay in performing the pretrial preparation necessary to recognize a claim or defense does not satisfy Rule 16(b)(4)'s good cause standard. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000). In analyzing good cause, the court focuses on Ms. Borgonah's diligence in seeking leave to amend, not the prejudice to the opposing party. *Id.* at 687.

In its Order on the Motion to Dismiss the Amended Complaint, the court explained, "The deadline to amend pleadings expired on July 5, 2019. Any forthcoming Motion to Amend must therefore satisfy the standards of both Rule 16(b)(4) and Rule 15(a)(2) of the Federal Rules of

4

Civil Procedure."  [#24 at 11 n.6].  But Ms. Borgonah (like RMHCP) does not address Rule 16(b)(4) or offer any explanation as to why, despite her diligence, she could not comply with the Scheduling Order's deadline for the amendment of pleadings.  Rather, Ms. Borgonah's Motion to Amend reiterates many of her factual allegations that she has raised since the inception of this lawsuit in various pleadings and papers, though she now provides further documentary support for her alleged position.  This, however, is insufficient to satisfy Rule 16(b)(4)'s good cause requirement.  *See Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) ("Because Rule 16 requires diligence, B55 and Mr. McArthur cannot establish good cause if B55 knew of the underlying conduct but simply failed to raise [its] claims." (internal quotation marks omitted)).

Accordingly, Ms. Borgonah's failure to satisfy Rule 16(b)(4)'s good cause requirement is reason enough to deny her Motion to Amend.  *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015) ("Because Appellants knew of the underlying conduct but simply failed to raise their claims, they cannot establish good cause under Rule 16. . . . As a result, there is no need to consider whether Appellants satisfied Rule 15." (internal brackets, citation, footnote, and quotation marks omitted)).  But given that Ms. Borgonah proceeds pro se, and for the sake of completeness, I also conclude that Ms. Borgonah fails to satisfy even the more lenient standard of Rule 15(a)(2).

**II.     Rule 15(a)(2)**

Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *Frank v. U.S. West, Inc.,* 3 F.3d 1357,

5

1365 (10th Cir. 1993). Ultimately, whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978-79 (10th Cir. 1996).

Defendant opposes the Motion to Amend for several reasons, namely, it would be prejudicial to grant Ms. Borgonah leave to further amend her Amended Complaint and doing so would also be futile. For the following reasons, I largely agree with RMHCP and focus exclusively on these arguments.

Prejudice to the opposing party is one (and perhaps the most critical) factor that may justify denying leave to amend. *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). Generally, "a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (internal quotation marks omitted). Typically, courts find an amendment causes undue prejudice if it unnecessarily affects the defendant's preparation for the case, which can occur when the amended claim(s) arise from a different subject matter than that raised in the complaint and present significant new factual issues. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).

RMHCP first argues that it would be prejudicial to grant Ms. Borgonah leave to amend, because her failure to comply with D.C.COLO.LCivR 15.1(b) by providing a red-lined version of her Second Amended Complaint "make[s] it impossible for RMHCP to fully prepare for this case" and forces RMHCP "to speculate as to the nature of Plaintiff's claims and theories of recovery." [#27 at 3-4]. Further, RMHCP argues it would be prejudicial to grant Ms. Borgonah leave to amend, because her Motion to Amend seeks to add a new Colorado Wage Act claim in

contravention of the court's explicit direction that Ms. Borgonah "address only the deficiencies identified" as to Claims 2 (hostile work environment) and 4 (tortious interference). *See* [*id.* at 8-9]. Finally, RMHCP argues the court should deny the Motion to Amend, because permitting leave to amend would be futile. *See* [#27 at 6-10].

*Hostile Work Environment*. While the court agrees with RMHCP that Ms. Borgonah fails to provide her proposed Second Amended Complaint with her Motion to Amend, it is not entirely convinced that this failure hinders Defendant's preparation of this case as to Ms. Borgonah's hostile work environment claim. Ms. Borgonah appeared to assert such a claim in her Amended Complaint and RMHCP moved to dismiss such a claim. Further, the court identified the deficiencies with Ms. Borgonah's hostile work environment claim in its Order on the Motion to Dismiss the Amended Complaint, and, although I find her attempts unsuccessful, the Motion to Amend at least tries to rectify those deficiencies. Thus, I find no prejudice to Defendant as to the hostile work environment claim in the absence of the proposed Second Amended Complaint.

Nevertheless, Ms. Borganah's hostile work environment claim fails a different reason. Courts, in their discretion, may deny leave to amend upon a determination that such amendment would be futile. *See Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (internal quotation marks omitted). While courts sometimes decline to consider futility in favor of a subsequent motion to dismiss, *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-CV-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. Jun. 20, 2008) (suggesting that a "futility argument seems to place the cart before the horse," and is better suited for a Rule 12(b)(6) motion), I find it more efficient to consider RMHCP's arguments in the context of this instant Motion

7

instead of awaiting another round of motions practice. "If a party opposes a motion to amend [...] on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *JDK LLC v. Hodge*, No. 15-CV-00494-NYW, 2015 WL 5766466, at *2 (D. Colo. Oct. 2, 2015) (citation and internal quotation marks omitted) (ellipsis added).

Title VII prohibits discrimination against any individual "with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Harris v. Forklift Sys, Inc.*, 510 U.S. 17, 21 (1993) (citing 42 U.S.C. § 2000e-2(a)(1)). Title VII also makes it unlawful to subject an employee to a hostile work environment. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007). To plead a plausible hostile work environment claim Ms. Borgonah must allege (1) she is a member of a protected class; (2) she was subject to unwelcome harassment, based (3) on her race or national origin; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of her employment and created an abusive work-environment. *See Payan v. United Parcel Serv.*, 905 F.3d 1162, 1170 (10th Cir. 2018).

RMHCP argues the Motion to Amend fails to allege any new facts that would cure the deficiencies identified by the court as to Plaintiff's hostile work environment claim. *See* [#27 at 6-7]. This is because the allegations proposed in the Motion to Amend fail to establish Ms. Borgonah suffered severe harassment due to her race or national origin that altered a term, condition, or privilege of her employment and created an abusive work-environment. *See* [*id.*]. I respectfully agree.

The Motion to Amend asserts that Ms. St. Pierre "yell[ed], scream[ed], threaten[ed], intimidat[ed]" and was rude to Ms. Borgonah and made "comments on different occasion [sic]

about Ms. Borgonah not being a Doctor or Computer Engineer like other Indians in the USA and Ms. Borgonah's accent being more difficult to understand than the other Indians." [#26 at 2-3]. The Motion to Amend also asserts Dr. Mourani threw out Indian food Ms. Borgonah made for Dr. Mourani despite Dr. Mourani's alleged enjoyment of Indian food. *See* [*id.* at 3].

But, as discussed in the Order on the Motion to Dismiss the Amended Complaint, Ms. Borgonah must allege more than the "run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces," and instead must allege that the environment was both objectively and subjectively abusive. *See Morris v. City of Colorado Springs*, 666 F.3d 654, 664-65 (10th Cir. 2012) (explaining that objectivity refers to whether a reasonable person would find the harassment severe under the circumstances, while subjectivity refers to whether the plaintiff perceives the environment to be hostile). "Under this rubric, the plaintiff must show more than a few isolated incidents of racial enmity. . . . Instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1223 (10th Cir. 2015) (internal citations and quotation marks omitted). Based on the Motion to Amend, I conclude Ms. Borgonah fails to make such a showing, and this being so despite the court identifying similar deficiencies in Ms. Borgonah's Amended Complaint. *See Frank*, 3 F.3d at 1365 (denying leave to amend where the plaintiff fails to cure deficiencies in her pleading already identified by the court). For these reasons, it would be futile to grant Ms. Borgonah leave to amend as to her hostile work environment claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (approving of dismissal of a pro se plaintiff's claim where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (internal quotation marks omitted)).

*Colorado Wage Act Claim*. As to Ms. Borgonah's Colorado Wage Act claim, the court agrees with RMHCP that it would be prejudicial to allow Ms. Borgonah to assert this new claim now. Not only did the court's Order on the Motion to Dismiss the First Amended Complaint explicitly limit any forthcoming Motion to Amend to the deficiencies with Plaintiff's hostile work environment and tortious interference claims, *see* [#24 at 11], such a claim arises from a different subject matter and will necessarily affect Defendant's preparation for this case given that discovery is set to close on November 8, 2019. *See Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial").[2] And, as mentioned above, Ms. Borgonah seemingly knew the basis for her Colorado Wage Act claim when she initially filed suit and provides no reason as to why she could not have asserted it at that time. Accordingly, permitting her leave to affirmatively assert that claim now is not appropriate. *See Birch*, 812 F.3d at 1248-49.

## CONCLUSION

For the reasons stated herein, the court **ORDERS** that:

(1) Plaintiff's Motion to Amend [#26] is **DENIED**; and

(2) A copy of this Order shall be sent to:

    Candice Borgonah
    5356 South Fultondale Way
    Aurora, CO 80016

DATED: October 18, 2019                                            BY THE COURT:

                                                                    Nina Y. Wang
                                                                      United States Magistrate Judge

---

[2] For this reason, the court does not consider RMHCP's arguments that the statute of limitations bars Ms. Borgonah's Colorado Wage Act claim.